**RUBIN PATERNITI GONZALEZ RIZZO KAUFMAN**

555 Fifth Avenue, 6th Floor | New York, NY 10017
646 809-3370 | 646 809-1622 | rpgrklaw.com

**JUAN C. GONZALEZ** Partner
646 893-2386 | 917 575-8234
gonzalez@rpgrklaw.com

April 26, 2021

Hon. Lewis J. Liman
U.S. District Judge
United States District Court
Southern District of New York
500 Pearl St.
New York, NY 10007-1312

  Re: Perez v. SRP Management, LLC, et al.
    19-cv-11736 (LJL)

Dear Judge Liman:

  I trust this finds you, your family and staff well during the continuing pandemic threat. My office represents defendant SRP Management LLC in this action. I write to request a brief extension of the existing timelines contained within the current Case Management Plan and Scheduling Order ("CMP") (Dkt # 33). This request is made pursuant to the Court's Individual Practice Rules 1(B)-(C), 3(A) and FRCP Rule 16. This is the first such request made.

  Broadly, our request is to extend current deadlines by 30 days, on the assumption that plaintiff makes his client available for a deposition within that time frame. The Court's original CMP Order was entered on May 29, 2020, setting a deadline for the completion of fact discovery by September 29, 2020 (Dtk. # 26). However, on September 2, 2020 the Court stayed (Dkt. # 30) the action upon the motion of counsel for co-defendant Sam's 2nd Avenue Ale House, Inc. and directed the parties to submit a revised CMP on November 9, 2020 (Dkt. # 31). On November 16, 2020, the Court lifted the stay (Drk. # 32) and so-ordered the revised CMP on November 17, 2020 (Dkt. # 33). Under the revised CMP, fact discovery was to be completed by March 17, 2021, expert discovery, including depositions, completed by May 3rd, with all remaining discovery completed by May 17th. A Status Conference is currently set for May 20th at 3:00 PM, with a proposed joint pre-trial order and dispositive motions due simultaneously on May 31st.

  The parties have been engaged fruitfully in settlement negotiations with a court-appointed mediator. Prior to the revised CMP being entered, the parties held an initial mediation with a court-appointed mediator in August of 2020. At a telephonic status conference held before Your Honor on November 17, 2020, the parties mutually expressed an interest in a further session with the same mediator due to the nature of the allegations in this case – ADA non-compliance of the subject bar/restaurant due to alleged physical barriers – and the clear need to afford plaintiff an opportunity to hire an expert and provide concrete specifications of the alleged barriers and remedial recommendations. The desire for a further mediation was predicated upon the parties engaging in such further discovery, including our office's desire to schedule plaintiff's deposition.

RUBIN PATERNITI GONZALEZ
RIZZO KAUFMAN

To that end, the parties agreed upon a further mediation session for April 21st and scheduled plaintiff's expert's site inspection for March 25th. In the same planning/scheduling emails from my office in mid-February 2021 – and well ahead of the cutoff date for fact discovery, your undersigned requested from plaintiff's counsel, Robert Hanski, Esq. dates for when his client would be available for a deposition in March. Multiple follow-up emails were then sent to Mr. Hanski requesting a mutually-agreed upon date for his client's deposition. Mr. Hanski promised to "get back to [us] regarding potential dates" for his client's deposition. Subsequent follow-up communications were made to Mr. Hanski and his office for scheduling an mutually-convenient date for his client's deposition. To-date, Mr. Hanski has refused to provide a date and make his client available.

Despite plaintiff's professed need for an inspection report as a concrete catalyst for continued settlement discussions, plaintiff delayed exchanging his expert's report for a full month after the inspection, only disclosing the 51-page report on April 19th, on the eve of the April 21st mediation session. While we remain hopeful that meaningful settlement discussions can now resume, and because plaintiff only recently (April 19th) disclosed his expert's report, our office could not retain an expert as there were not then yet concrete allegations of ADA deficiencies to address, due both to plaintiff's refusal to produce his client for a deposition and due to the fact that plaintiff did not exchange his expert's report until recently (April 19th).

The discovery that has been conducted thus far includes the parties' responses to each other's interrogatories and document requests. In response to plaintiff's recent April 19th expert disclosure, our office served a notice of deposition of plaintiff's expert and have retained our own expert to address the concrete alleged ADA deficiencies outlined in plaintiff's expert report, which we aim to disclose by Friday, April 30th. Although following the April 21st mediation session plaintiff's counsel seemed amenable to consenting to a discovery extension request – going so far as to request that we provide proposed dates for his review, which we immediately did – despite no less than three emails and multiple phone calls to Mr. Hanski and his colleagues, we have received no courtesy acknowledgement of and response to the within request. We anticipate that plaintiff will seek to depose our expert once we are able to provide an exchange later this week, which we of course will work to accommodate.

Good cause exists for the modest 30-day extension of all remaining deadlines because our office attempted on numerous occasions to schedule plaintiff's deposition, but were not able to despite plaintiff's counsel's representation that he would get back to us with proposed dates within the current timeframes. He never did. Similarly, having delayed disclosure of their expert's report by a month and less than two weeks before the close of expert discovery, plaintiff has not left my office any meaningful time to consult with our own expert both to examine the technical analysis and conclusions contained in plaintiff's expert's report, but also to aide our preparation for plaintiff's expert's deposition. Furthermore, it was not foreseeable that given plaintiff's expressed desire to exchange his expert's report with sufficient time ahead of the April 21st mediation that

**RUBIN PATERNITI GONZALEZ RIZZO KAUFMAN**

the opposite would occur: that plaintiff would delay in exchanging same until the eve of the April 21st mediation and near the close of expert discovery under the current timeframe (*e.g.*, Monday, May 3rd), leaving us virtually no time to complete the remaining discovery.

Our request for a 30 day extension is both modest and necessary to avoid substantial, unfair prejudice to our client. Absent the ability to depose plaintiff and also to depose plaintiff's expert, our office would be left unable to challenge plaintiff's allegations directly before trial and would be left with the prospect of not being able to defend and have this matter decided on the merits. As noted above, plaintiff could not be deposed earlier because plaintiff has promised on multiple occasions, but to-date failed, to provide our office with *any* dates for his client's availability. Plaintiff's testimony is an absolutely critical component in this case. We are confident that with plaintiff's cooperation in scheduling his client's and expert's depositions – and, should plaintiff desire, our client's and our expert's soon-to-be disclosed expert's deposition – we can complete this remaining discovery within a 30-day timeframe. Allowing this additional modest time would most certainly contribute to the just, speedy and inexpensive determination and resolution of the case, as it will equitably bring both parties to a point in the case's merits where they can either faithfully and amicably resolve their dispute or have same decided on the true merits of the case.

Accordingly, we respectfully request the following modified deadlines in accordance with the accompanying proposed revised CMP: (i) depositions by May 17th; (ii) fact discovery completed by May 31st; (iii) expert discovery by June 5th; (iv) all discovery by June 17th; (v) proposed joint pre-trial order by June 30th; (v) subject to the Court's calendar, a post-discovery status conference for June 20th and that (vi) summary judgment motions be due by July 15th.

Great many thanks to the Court for its courtesy in this and every regard.

Most sincerely,

Juan C. Gonzalez
Partner

To:   Parker Hanski LLC
      Attorneys for Plaintiff
      40 Worth Street, 10th Floor
      New York, NY 10013
      212.248.7400
      rgh@parkerhanski.com